Filed 11/12/14  P. v. Hermann CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES LOUIS HERMANN, JR.,<br><br>    Defendant and Appellant. | C075496<br><br>(Super. Ct. Nos. 11NCR08616, 13NCR09711, & 13NCR09755) |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

In case No. 13NCR09711, a felony complaint filed in July 2013 charged defendant Charles Louis Hermann, Jr., with corporal injury to a spouse or cohabitant (count I Pen. Code, § 273.5, subd. (a)).[1]

In case No. 13NCR09755, a complaint filed in September 2013 charged defendant with transportation of a controlled substance (count I Health & Saf. Code, § 11379, subd. (a)); transportation of a different controlled substance (count II; Health & Saf. Code,

---

[1]    Undesignated statutory references are to the Penal Code.

1

§ 11352, subd. (a)); intent to defraud with license plate (count III; Veh. Code, § 4463, subd. (a)(1)); and driving without a valid license (count IV; Veh. Code, § 12500, subd. (a)). As to the three felony counts (counts I, II, & III), it was alleged that defendant was on bail when he committed the offenses.

In October 2013, defendant pled no contest to count I in case No. 13NCR09711 and to counts I and III in case No. 13NCR09755, and admitted two violations of probation in case No. 11NCR08616 (misdemeanor domestic battery, § 243, subd. (e)(1)). In return, the People agreed not to file charges in another alleged domestic violence case. It was understood that the maximum sentence as to case No. 13NCR09711 was four years in state prison and the maximum sentence as to case No. 13NCR09755 was four years eight months, but a probation report which would combine all the cases for purposes of a sentencing report would be issued.

According to the sheriff's report in case No. 13NCR09711, on July 12, 2013, defendant and his live-in girlfriend had an argument. Defendant spit on her and yelled in her face, then pushed her backwards. After she fell to the floor, he got on top of her and punched her about the head and upper torso.

According to the sheriff's report in case No. 13NCR09755, an uniformed patrol officer in a marked K-9 patrol car saw a truck driven by defendant pull out onto Highway 99, directly into the path of an oncoming vehicle which had to brake to avoid the truck. On making a traffic stop of defendant's truck, the officer determined that defendant's driver's license had expired. The officer's dog alerted to the odor of a drug while sniffing the truck's exterior. The officer searched the interior and found a camouflage bag that held a methamphetamine smoking pipe; two baggies, one appearing to contain methamphetamine and the other marijuana; three used syringes; and an unlabeled pill bottle containing prescription-only medications. A further search detected seven California license plates behind the truck's bench seat. Three of the plates were registered to defendant, but did not belong to the truck. Another plate, which was not

2

attached to the truck, belonged to the truck, but defendant was not the truck's registered owner and the registration had not been paid since 2005. The other plates belonged to other persons and other vehicles.

In November 2013, the trial court sentenced defendant to an aggregate term of four years eight months in state prison in case Nos. 13NCR09711 and 13NCR09755, consisting of the middle term of three years on count I in case No. 13NCR09711, plus one year (one-third the middle term) on count I and eight months (one-third the middle term) on count III in case No. 13NCR09755. The court also sentenced defendant to one year in county jail in case No. 11NCR08616, to run consecutively to his state prison term. The court awarded defendant 129 days of presentence custody credits (65 actual days & 64 conduct days), ascribed entirely to case No. 13NCR09755. The court imposed an $820 restitution fine and a suspended parole revocation restitution fine in the same amount in case No. 13NCR09711, and a $560 restitution fine and a suspended parole revocation restitution fine in the same amount in case No. 13NCR09755.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We must remand the matter to the trial court, however, because the record does not show that the court entered any disposition as to as to counts II and IV and the on-bail allegations in case No. 13NCR09755.

3

## DISPOSITION

Defendant's convictions are affirmed. The matter is remanded to the trial court with directions to enter a disposition as to counts II and IV and the on-bail allegations in case No. 13NCR09755, to prepare an amended abstract of judgment that sets out that disposition, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

    BLEASE    , Acting P. J.

We concur:

    HULL    , J.

    MURRAY    , J.

4